# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

|  |  |  |
|---|---|---|
| UNILOC USA, INC. and UNILOC LUXEMBOURG S.A., | § § § § | CIVIL ACTION NO. 6:16-cv-463 |
| Plaintiffs, | § § | **JURY TRIAL DEMANDED** |
| v. | § § |  |
| Medical Information Technology, Inc. d/b/a MEDITECH, | § § § |  |
| Defendant. | § § |  |

## PLAINTIFFS' COMPLAINT
## FOR PATENT INFRINGEMENT

Plaintiffs Uniloc USA, Inc. ("Uniloc USA") and Uniloc Luxembourg S.A. ("Uniloc Luxembourg") (collectively, "Uniloc") file this Original Complaint against Medical Information Technology, Inc. d/b/a MEDITECH ("Defendant") for infringement of U.S. Patent Nos. 5,682,526 ("the '526 patent") and 5,715,451 ("the '451 patent").

## THE PARTIES

1.      Uniloc USA, Inc. ("Uniloc USA") is a Texas corporation with its principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano, Texas 75024. Uniloc USA also maintains a place of business at 102 N. College, Ste. 806, Tyler, Texas 75702.

2.      Uniloc Luxembourg S.A. ("Uniloc Luxembourg") is a Luxembourg public limited liability company, with its principal place of business at 15, Rue Edward Steichen, 4th Floor, L-2540, Luxembourg (R.C.S. Luxembourg B159161).

1

3.     Uniloc Luxembourg and Uniloc USA are collectively referred to as "Uniloc." Uniloc has researched, developed, manufactured, and licensed information security technology solutions, platforms and frameworks, including solutions for securing software applications and digital content. Uniloc owns and has been awarded numerous patents for its research and development.  Uniloc's technologies enable, for example, software and content publishers to securely distribute and sell their high-value technology assets with maximum profit to its customers and/or minimum burden to legitimate end-users. Uniloc's technologies are used in several markets including, for example, electronic health record software, software and game security, identity management, intellectual property rights management, and critical infrastructure security.

4.     Defendant is a Massachusetts corporation with its principal place of business at Meditech Circle, Westwood, Massachusetts 02090. Defendant may be served with process through its registered agent, Shannon M. Connell, at Meditech Circle, Westwood, Massachusetts 02090.

## JURISDICTION AND VENUE

5.     Uniloc brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, has purposely transacted business involving its accused products in this judicial district and/or, has regular and established places of business in this judicial district.

7.      Defendant is subject to this Court's personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this State and judicial district, including: (A) at least part of its infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Texas residents.

## PATENTS-IN-SUIT

8.      Uniloc Luxembourg is the owner, by assignment, of the '526 patent, entitled "METHOD AND SYSTEM FOR FLEXIBLY ORGANIZING, RECORDING, AND DISPLAYING MEDICAL PATIENT CARE INFORMATION USING FIELDS IN FLOWSHEET." A true and correct copy of the '526 patent is attached as Exhibit A.

9.      Uniloc USA is the exclusive licensee of the '526 patent with ownership of all substantial rights in the '526 patent, including the right to grant sublicenses, exclude others and to enforce, sue and recover damages for past and future infringements.

10.     Uniloc Luxembourg is the owner, by assignment, of the '451 patent, entitled "METHOD AND SYSTEM FOR CONSTRUCTING FORUMLAE FOR PROCESSING MEDICAL DATA." A true and correct copy of the '451 patent is attached as Exhibit B.

11.     Uniloc USA is the exclusive licensee of the '451 patent with ownership of all substantial rights in the '451 patent, including the right to grant sublicenses, exclude others and to enforce, sue and recover damages for past and future infringements.

12.     The '526 Patent has been referenced by more than one hundred (100) other patent applications. The '451 Patent has been referenced by more than two hundred forty (240) other patent applications. Such patent applications citing the patents-in-suit include patents applications by General Electric Company; Siemens Medical Solutions USA, Inc.; Baxter International, Inc.;

OptumInsight, Inc.; NASA; The United States Army; International Business Machines (IBM); Microsoft Corporation;  Koninkl Philips Electronics Nv; GE Medical Systems Global Technology Company; St. Louis University; Washington University; and The University Of Texas System.

### COUNT I
### (INFRINGEMENT OF '526 PATENT)

13.     Uniloc incorporates the preceding paragraphs herein by reference.

14.     The '526 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

15.     On information and belief, to the extent any marking was required by 35 U.S.C. § 287, Uniloc and all predecessors in interest to the '526 patent complied with any such requirements.

16.     Defendant directly or through intermediaries has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '526 patent in this judicial district and elsewhere in Texas, including at least Claim 4, without Uniloc's consent or authorization. Defendant's infringing products include, as non-limiting examples, the products listed in Exhibit C which are not licensed under either of the '526 Patent or '451 Patent, and which have received federal certification by the Office of the National Coordinator (ONC) as being either modular or complete Electronic Health Record ("EHR") products (hereinafter "Infringing Products"). Defendant's infringement occurs and has occurred through operation of the Infringing Products, which each practice the method of one or more claims of the '526 patent. Such operation includes Defendant's own operation (directly or through intermediaries) including, but not limited to, testing of the Infringing Products prior to federal certification; testing of the Infringing Products during federal certification; testing of the Infringement Products after federal certification; operation of the Infringing Products during classes and demonstrations; hosting of the operation

of the Infringing Products on behalf of third parties such as medical groups or medical providers; installing, setting up, or maintaining the Infringing Products on behalf of third parties such as medical groups or medical providers; and operation of the Infringing Products on behalf of third parties such as medical groups or medical providers.

17.     Uniloc has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is thus liable to Uniloc in an amount that adequately compensates it for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

<u>**COUNT II**</u>
**(INFRINGEMENT OF THE '451 PATENT)**

18.     Uniloc incorporates the preceding paragraphs herein by reference.

19.     The '451 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

20.     On information and belief, to the extent any marking was required by 35 U.S.C. § 287, Uniloc and all predecessors in interest to the '451 patent complied with any such requirements.

21.     Defendant directly or through intermediaries has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '451 patent in this judicial district and elsewhere in Texas, including at least Claim 7, without Uniloc's consent or authorization. Defendant's infringement occurs and has occurred through making, selling, offering to sell, using, and/or importing the Infringing Products, and, also, by operation of the Infringing Products, which each practice the method of one or more claims of the '451 patent. Such operation includes Defendant's own operation (directly or through intermediaries) including, but not limited to, testing of the Infringing Products prior to federal certification; testing of the Infringing Products

during federal certification; testing of the Infringement Products after federal certification; operation of the Infringing Products during classes and demonstrations; hosting of the operation of the Infringing Products on behalf of third parties such as medical groups or medical providers; installing, setting up, or maintaining the Infringing Products on behalf of third parties such as medical groups or medical providers; and operation of the Infringing Products on behalf of third parties such as medical groups or medical providers.

22.     Uniloc has been and continues to be damaged as a result of Defendant's infringing conduct described in this Count. Defendant is thus liable to Uniloc in an amount that adequately compensates it for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

23.     Uniloc hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Uniloc requests that the Court find in its favor and against Defendant, and that the Court grant Uniloc the following relief:

a.      Judgment that one or more claims of the '526 and '451 Patents have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b.      Judgment that Defendant account for and pay to Uniloc all damages to and costs incurred by Uniloc because of Defendant's infringing activities and other conduct complained of herein;

c.      Judgment that Uniloc be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein; and

d.      That Uniloc be granted such other and further relief as the Court may deem just and proper under the circumstances.

**Dated:**   May 27, 2015                          Respectfully submitted,

*/s/ James L. Etheridge*

James L. Etheridge
Texas State Bar No. 24059147
Ryan S. Loveless
Texas State Bar No. 24036997
Brett A. Mangrum
Texas State Bar No. 24065671
Travis L. Richins
Texas State Bar No. 24061296
ETHERIDGE LAW GROUP, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, Texas 76092
Telephone: (817) 470-7249
Facsimile: (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com
Brett@EtheridgeLaw.com
Travis@EtheridgeLaw.com

***Counsel for Plaintiffs Uniloc USA, Inc. and
Uniloc Luxembourg S.A.***

7