**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| UNILOC USA, INC. and UNILOC LUXEMBOURG S.A., | § § § § | Civil Action No. 6:16-cv-00463-RWS |
| | § | Lead Consolidated Case |
| Plaintiffs, | § § | |
| v. | § § | **JURY TRIAL DEMANDED** |
| MEDICAL INFORMATION TECHNOLOGY, INC. d/b/a MEDITECH, | § § § | |
| Defendant. | | |

**CONSOLIDATED DEFENDANTS' REPLY IN SUPPORT OF OPTUMINSIGHT, INC.'S EMERGENCY MOTION TO COMPEL RE-DESIGNATION UNDER PROTECTIVE ORDER (AND ASSOCIATED JOINDERS)[1]**

---

[1] This is a consolidated reply brief of consolidated Defendants.  Defendants originally filed joinders, because they needed to file exhibits under seal separately.  One previously consolidated defendant (Viztek) joined the motion but has not joined this reply because it has settled.

A protective order is intended to protect confidential information, in the face of the underlying default that information is public unless demonstrated otherwise.  Here, Uniloc seeks the protections of the protective order for information that it has not demonstrated and cannot demonstrate merits confidential treatment.  Nothing about a serial plaintiff's allegations against software makers based upon ***Defendants' own*** websites and other public websites is protectable or outweighs the need for disclosure.  To the extent the *ExitExchange* case says that publicly available information packaged up as infringement contentions is transformed into confidential information, that decision should be distinguished or set aside.  Another decision by this Court holds otherwise.

In a consolidated case, the Court expects cooperation among Defendants not only in preparation of their invalidity contentions, but also throughout the claim construction process, fact and expert discovery, and motion practice.  As a result, during the meet and confer process, and in their motion, Defendants requested that, at the very least, Defendants' outside counsel in the consolidated case be permitted to see the P.R. 3-1 infringement contentions in the case, which contain absolutely no confidential information of any Defendant.  Yet, Uniloc maintained that Defendants must defend themselves in a coordinated way without any knowledge of the other positions that Uniloc is taking against the other defendants in the consolidated case.  Why? If Uniloc is inconsistent, why should Uniloc not be bound by its inconsistencies?  That is basic judicial estoppel.  If Uniloc is consistent, then where is the harm to Uniloc in Defendants seeing Uniloc's other contentions in this case?  There is none.

The most egregious example concerns OptumInsight, Picis, and N. Harris, where Uniloc is accusing the same products and those defendants have contractual obligations (which the parties have been discussing for many months), but neither those parties nor their counsel can see Uniloc's infringement contentions against the other(s).  Uniloc has not demonstrated that its P.R.

1

3-1 infringement contentions merit confidentiality or, at the least, should not be seen by outside counsel for Defendants in the case, in a harms balancing analysis.  For all of these reasons, Defendants respectfully request that the Court grant their motion.

**Uniloc Sidesteps the Issue of the Need to Coordinate:**  The Court has already found good cause to expedite briefing on this issue, and for good reason.  The upcoming Invalidity contentions are but one of the steps in the process that leads to the identification of disputed claim terms and, ultimately, *Markman* briefing and argument.  Uniloc's different (and potentially inconsistent) positions in contentions against different Defendants in the consolidated case will inform Defendants' selection of claim terms for construction and understand the full limits of Uniloc's constructions implicit in its infringement contentions.  Uniloc's positions with respect to one Defendant may implicate different prior art than Uniloc's contentions against another, and any inconsistencies may give rise to estoppel.  Defendants need this information not only to coordinate but also to mount their individual defenses.

Uniloc's argument that some of the same counsel may have been involved in a previous round of (serial plaintiff) Uniloc's cases and prepared invalidity contentions in a previous case is entirely beside the point.  Defendants in *this* case need to understand the allegations in this case, so they can coordinate in not only invalidity contentions but also in the *Markman* process, fact and expert discovery, and motion practice.[2]

**The Contentions are Not Protectable, and the Need for Disclosure Outweighs any Alleged Harm of Disclosure:**  Uniloc bears the burden of demonstrating how the contentions truly constitute confidential information.   Uniloc's sole substantive argument, that the

---

[2] Uniloc's statement that it agreed to a "two-week extension on the invalidity contentions," Opp. at 2, also is disingenuous.  The invalidity contention date (January 13, 2017) was set in the agreed Docket Control Order to avoid finalization of invalidity contentions over the holidays of the last two weeks of 2016, as a matter of basic accommodation.

contentions reveal "strategies Uniloc uses in gathering evidence to establish violation of patent rights" rings hollow.  There is nothing "strategic" about reviewing publicly available web sites.

Uniloc likewise has the burden of showing how their disclosure of its contentions, whether publicly or to outside counsel for other Defendants, would result in any harm to Uniloc. Uniloc simply has not shown what harm it would suffer as a result of their disclosure.

**This Court has Considered the Same Issue and Ruled in Favor of De-Designation:**
Even Uniloc had alleged credible harm (which it has not done), any alleged harm would be outweighed by the need for disclosure.  In a case where a plaintiff attempted to designate contentions as confidential in an effort to prevent public disclosure (including in reexamination), this Court concluded that claim charts based on internet screenshots were not protectable, but even if they were, the need for disclosure would outweigh any harm to the plaintiff:

> Here, Constellation has not established that the infringement contentions contain trade secrets or other information entitled to "Confidential" designation.
> * * *
> Moreover, Constellation has identified no actual harm it would suffer if the "Confidential" designation is removed.  The infringement contentions, which comprise screen shots of FedEx's websites and claim charts identifying which aspects of those websites Constellation alleges to correspond to various claim elements, do not contain any information about Constellation that would give its competitors a business advantage.
> * * *
> Even if the Court were to find that Constellation has met its burden of establishing that the infringement contentions are entitled to confidential treatment, the Court would then "balance the harm that would flow from disclosure with the need of the part seeking discovery."
> * * *
> FedEx's interests in removing the "Confidential" designation outweighs any interest of Constellation in preserving the designation.

*Constellation, LLC v. Avis Budget Group, Inc*., C.A. No. 5:07-cv-38, 2007 WL 7658921, *2-3 (E.D. Tex., Texarkana Division) (citations omitted), attached as Exhibit A hereto.  The same reasoning applies here.

3

**Even if Not Public, Defendants' Counsel Should be Permitted Access:**   While Defendants continue to urge the Court to compel Uniloc to de-designate their P.R. 3-1 contentions entirely, as a compromise during the meet and confer process (and in Defendants' motion), Defendants proposed, at a minimum, that outside counsel for Defendants have access. This would eliminate any possible, alleged harm to Uniloc's business.

**"Defendants' Counsel" Have Not Taken Contrary Positions:**   Uniloc's brief is entirely misleading with its statement "counsel for Defendants are taking the exact opposite positions [sic] they took in the prior case of *ExitExchange*."  Opp. at 2-3.  Neither Defendants nor the vast majority of counsel in this case were involved in *ExitExchange* at all.  Uniloc relies on the fact that one lawyer for one defendant in this case represented a different party in *ExitExchange* and took a different position for that different party under different factual circumstances.   Uniloc attempts to mislead the Court with its overstatement, peppered throughout its opposition.  Defendants in this case are in no way tied to *ExitExchange*, and Uniloc's attempt to imply otherwise is simply inappropriate.

**OptumInsight, Picis, and N. Harris Need Specific Relief:**  Aside from the general reasons for Defendants' motion, OptumInsight, Picis, and N. Harris have specific reasons for both outside counsel and in-house personnel to have access to Uniloc's contentions as to the other.  Uniloc has misrepresented the history of meet and confers between Uniloc, OptumInsight, Picis and N. Harris concerning the relationships among the parties.  That process has been going on for months.  *See* Exhibit B (September 9, 2016 e-mail from counsel for OptumInsight to counsel for Uniloc transmitting agreements showing party relationships – attachments omitted to avoid filing under seal).  OptumInsight also identified the specific OptumInsight request in advance of the meet and confer between the parties.  *See* Exhibit C (December 8, 2016 e-mail from OptumInsight counsel to Uniloc's counsel) (highlighting added).  But that is beside the

point here – it is plainly apparent from Uniloc's complaints that all of the products for which Uniloc has accused OptumInsight of infringement are also products that Uniloc has accused for Picis and N. Harris – because those products were spun off from an OptumInsight-related company to the companies in the Picis/N. Harris family, as counsel for those Defendants has explained to Uniloc repeatedly over the past months.  Despite that the same products are accused (and despite contractual obligations between OptumInsight and Picis and N. Harris), Uniloc refuses to permit those parties to see the other contentions in the consolidated case against those same products.  Uniloc has not explained why the contentions are not relevant as between those Defendants.  It is obvious why those parties need to see Uniloc's contentions against the other(s).

**Renewed Conclusion:**  For the reasons set forth in Defendants' Motion, as further explained above, Defendants respectfully request that the Court grant their Motion.

Dated:  December 20, 2016                    Respectfully Submitted,


                                                   By:   */s/ Peter J. Chassman*
                                                           Peter J. Chassman
                                                           State Bar Number: 00787233
                                                           Reed Smith LLP
                                                           811 Main Street, Suite 1700
                                                           Houston, TX  77002-6110
                                                           Tel. (713) 469-3885
                                                           Fax  (713) 469-3899
                                                           pchassman@reedsmith.com
                                                           ***Attorney for Defendant, OptumInsight, Inc.***

                                                           */s/ Adeel Haroon*
                                                           Douglas J. Kline
                                                           GOODWIN PROCTER LLP
                                                           100 Northern Avenue
                                                           Boston, MA 02210
                                                           Tel.:  (617) 570-1000
                                                           Fax:  (617) 523-1231
                                                           Email:  dkline@goodwinlaw.com

Adeel Haroon
GOODWIN PROCTER LLP
901 New York Avenue, NW
Washington, DC 20001
Tel.:  (202) 346-4000
Fax:  (202) 204-7180
Email:  aharoon@goodwinlaw.com

Jennifer Parker Ainsworth
Texas State Bar No. 0784720
WILSON, ROBERTSON & CORNELIUS, P.C.
One American Center
909 ESE Loop 323, Suite 400
Tyler, Texas 75701
Tel. (903) 509-5000
Fax  (903) 509-5092
jainsworth@wilsonlawfirm.com
***Attorneys for Medical Information Technology,***
***Inc.***


 */s/ Ashley Taylor Corbitt*
Harnaik S. Kahlon
nkahlon@rshc-law.com
Ashley Taylor Corbitt
tcorbitt@rshc-law.com
Riley Safer Holmes & Cancila LLP
Three First National Plaza
70 W. Madison Street, Suite 2900
Chicago, IL  60602
Tel. (312) 471-8700

Stephen M. Hankins
shankins@rshc-law.com
Riley Safer Holmes & Cancila LLP
111 New Montgomery Street, Suite 600
San Francisco, CA 94105
Tel. (415) 275-8550

Elizabeth L. DeRieux
ederieux@capshawlaw.com
Jeff Rambin
jrambin@capshawlaw.com
Capshaw DeRieux LLP
114 E. Commerce St.
Gladewater, TX 75647
Tel. (903) 845-5770

6

*Attorneys for Defendant Netsmart*
*Technologies, Inc.*


/s/  Hunter Keeton

Michael Albert – Lead Attorney
Mass. State Bar No. 558566
Hunter D. Keeton
Mass. State Bar No. 660609
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA  02210
Tel. (617) 646-8000
Fax (617) 646-8646
malbert@wolfgreenfield.com
hkeeton@wolfgreenfield.com
*Attorneys for Defendants N. Harris Computer*
*Corp., Picis, Inc., n/k/a Picis Clinical Solutions,*
*Inc., and QuadraMed Corporation*


/s/  Lauren E. Whittemore

Michael J. Sacksteder, CSB No. 191605
(Admitted E.D. Texas)
lwhittemore@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Tel. (415) 875-2300
Fax: (415) 281-1350
*Attorneys for Defendant Practice Fusion, Inc.*


/s/ Seth S. Coburn

Seth S. Coburn
Timothy R. Shannon
VERRILL DANA, LLP
One Portland Square
P. O. Box 586
Portland, ME  04112-0586
Tel. (207) 774-4000
tshannon@verrilldana.com
sscoburn@verrilldana.com
*Attorneys for Defendant Amazing Charts, LLC*


7

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on December 20, 2016.


*/s/ Peter J. Chassman*
Peter J. Chassman