IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNILOC USA, INC. et al | § | |
|     Plaintiffs, | § | CIVIL ACTION NO. 6:16-cv-463-RWS |
| v. | § | ***CONSOLIDATED LEAD CASE*** |
| | § | **JURY TRIAL DEMANDED** |
| UNILOC USA, INC. ET AL V. MEDICAL | § | |
| INFORMATION TECHNOLOGY, INC. | § | |
| D/B/A MEDITECH, | § | |
|     Defendants. | § | |

**PLAINTIFFS' SUR-REPLY IN OPPOSITION TO
DEFENDANTS' MOTION**

Pursuant to the Court's Order. (Dkt. No. 103), Uniloc USA, Inc. and Uniloc Luxembourg, SA ("Uniloc") respectfully file this sur-reply to the Defendants' Consolidated Reply in support of OptumInsight, Inc.'s Emergency Motion to Compel Dedesignation (Docket No. 85).[1]

---

[1] As indicated by Defendants, Viztek has settled and does not join the response. Uniloc and Viztek filed a notice of settlement as Dkt. No. 111.

i

## I.     INTRODUCTION

Uniloc properly designated its infringement confidential as confidential, citing both the express provisions of the Protective Order (designation allowed for "confidential research" and "commercially sensitive" information) and the case law in this district directly on point: *ExitExchange*. Through the meet and confer process, its emergency brief, and now its reply brief, Defendants fail to address either. In particular, Defendants do not contend that Uniloc's infringement contentions are not "confidential research" or "commercially sensitive." Defendants also do not address *ExitExchange. ExitExchange* is dispositive of the issues Defendants raise – infringement contentions can be confidential even if they are based on publicly available information. Defendants continued failure to address *ExitExchange* or the express provisions of the Protective Order is telling.

Uniloc also specifically cited the harm Defendants' proposed de-designation would cause, including access by competitors to Uniloc's confidential information and access to Uniloc's confidential strategies that are not made public. Defendants do not dispute such harm, but allege the supposed relevance of the information justifies the harm. Yet, as to as to such relevance, Defendants fail to address even any of the decisions Uniloc cited that reject the very arguments Defendants make, including the *Tivo I* Federal Circuit case, the *Tivo* I Eastern District of Texas case, and several Federal Circuit decisions concerning claim construction. Defendants refusal to address such cases, which are also dispositive of relevance, is not helpful to the Court.

Despite seeking *emergency* relief, Defendants did not provide this Court or Uniloc a single case to support its position. And, its reply brief continues to fail to address case law with holdings dispositive of the issues it raises. Nonetheless, in a save-face approach, Defendants scoured case law to unearth something – *anything* - that could give semblance of credence to its emergency motion. The single 2007 *Constellation* decision Defendants unearthed and disclosed for the first time yesterday (December 20, 2016) is factually distinguishable. Had Defendants simply provided this case earlier (in response to the more than four request that Uniloc made), the parties could have discussed how it is factually distinguishable.

## II. ARGUMENTS

A. **Defendants Do Not Address or Rebut Uniloc's Reasons for Designating its Infringement Contentions as Confidential.**

Defendants completely ignore Uniloc's reasons for designating the infringement contentions as confidential. Such reasons include a direct quote from counsel for Defendants argument that ExitExchange's infringement contentions, which were based on public information, are confidential (Response at 1, 8);[2] expressly tying the infringement contentions to the Protective Orders articulated categories of "confidential research" and "commercially sensitive" information (Response at 8); and expressly tying to the Judge Gilstrap and Judge Ward's finding in *ExitExchange* that infringement contentions could be confidential when they are not "not generally known, that would not normally be revealed to third parties, and for which its disclosure would be detrimental to the party's business." (Response at 9). As Defendants are unable to address or rebut a single one of these reasons, their motion should be denied.

B. **Defendants Do not Address or Rebut the Harm Uniloc Would Face with a De-designation of Infringement Contentions.**

Uniloc identified several types of harm that it would face as a result of de-designation. Such harm includes access by Uniloc's competitors of Uniloc's confidential information (Response at 10); declaratory judgment risk and inter-partes review risk (*Id.*)(both cited by ExitExchange); and access to Uniloc's confidential strategies in enforcing patents by the public at large (*Id.*). Of these four, Defendants only attempt to address one, contending there is nothing

---

[2] "[Uniloc's] claim charts contain a confidential description of how, in [Uniloc's] view, the elements of Defendants' [accused instrumentality] satisfy the elements of the claims. This description includes a number of elements that, taken separately would not be confidential, such as excerpts from the patent claims, website screen captures, links, and code gathered by [Uniloc] on various websites. That the confidential description is constructed in part from building blocks that are not independently confidential does nothing to erase the fact that the description as a whole is highly confidential. For example, a business's confidential customer list or supplier list may be comprised entirely of the names of companies that are well-known to the general public. This does not make the list non-confidential." *ExitExchange Corp. v. Casale Media Inc., et al.*, Case No. 2:10-cv-297 (E.D. Tex.), Dkt. No. 229 at *6 (May 31, 2011).

strategic. Regardless if they agree with Uniloc or not, Defendants never dispute that de-designation would be harmful and do nothing to address the other articulated harms.

**C.     Defendants Still Fail to Address Relevance**

Uniloc cited *Tivo I* (Federal Circuit Case)*, Tivo II* (E.D. TX Case)*,* and several other Federal Circuit cases dispositive of the issue on relevance – holding that allegation of infringement are irrelevant for invalidity contentions and claim construction purposes. Defendants do not dispute the holdings in these cases and fail to argue why they may be factually distinguishable.

Rather, as to relevance, Defendants' reply slips in a new argument that contends they might make a judicial estoppel argument *if* they find some inconsistent statement as between infringement allegations between different defendants. This new argument should be rejected for three reasons. First, as Defendants first raised this argument in a reply, it is now waived. Second, Defendants provide no support for such a proposition. If one illogically follows Defendants' reasoning, literally *every* brief or statement made to an administrative body is relevant because there *might* be an inconsistent statement. By the same reasoning, every single brief Defendants have filed in any case should be produced because there might be inconsistencies. Third, Defendants do nothing to explain how judicial estoppel would even apply in this case as to infringement contentions. Judicial estoppel involves inconsistent statements made to a court or administrative body where a party benefits from such statements. Defendants' new judicial estoppel argument should be rejected.

**D.     Defendants Still Fail to Address ExitExchange**

Defendants admit that at least one of the counsel for Defendants established the current law of this district in *ExitExhchange*. Yet, Defendants still fail to discuss the 2012 *ExitExchange* decision *at all* or provide this Court any indication as to why it is factually distinguishable. In the meet and confer, Uniloc specifically gave *ExitExchanges'* prior counsel an opportunity to explain how this case was any different. Said defense counsel could not provide a single factual distinction. Nor can Defendants. They can't because *ExitExchange* is directly analogous to the exact same arguments they make and is dispositive of this issue.

3

### E.  This Case and ExitExchange are Factually Distinguishable from Constellation

Uniloc requested that Defendants provide any case law it might have contrary to *ExitExchange* on no less than four occasions. Defendants provided no such case law in the meet and confers or its emergency motion. Yet, now, in a save-face approach, Defendant's cite the 2007 decision of *Constellation LLC v. Avis Budget Group, Inc.*, Case No. 5:07-cv-38 (E.D. Tex. Oct. 30, 2007). Both the present fact scenario and 2012 *ExitExchange* case are factually distinguishable. Had Defendants bothered to bring such a case to the attention of Uniloc prior to the meet and confer, the parties could have discussed these distinctions.

First, the Court in *Constellation* found that the plaintiff identified no harm. Here, Uniloc identified harm – just like the plaintiff in *ExitExchange*, namely access by Uniloc's competitors of Uniloc's confidential information, declaratory judgment risk and inter-partes review risk (both cited by ExitExchange), and access to Uniloc's confidential strategies in enforcing patents by the public at large.

Second, the Court in *Constellation* specifically looked to the protective order yet found nothing corresponding to the alleged confidentiality. Here, Uniloc identified specific categories of protection articulated in the protective order – just like the plaintiff in *ExitExchange*, namely "confidential research" and "commercially sensitive" information. Defendants do not argue that Uniloc's infringement contentions are improperly designated as "confidential research" or "commercially sensitive" information.

Third, the Defendants in *Constellation* sought to de-designate the infringement contentions alleging they were relevant as evidence in a reexamination preceding for a broadest reasonable interpretation of the claims. In contrast, here there would be no argument or evidence concerning a broadest reasonable interpretation of the claims because the patents-in-suit have expired. Also, Defendants' alleged relevance – use for claim interpretation and invalidity contentions – has been rejected by the Federal Circuit and this District.

Fourth, the issue in *ExitExchange* involved review of the issue by more than one judge, including Judge Ward and Judge Gilstrap.[3]

### F. Defendants' Alleged Harm is Illusory

Defendants allege they need Uniloc's position on claim construction to prepare invalidity contentions. However, such positions are already publicly available in claim construction briefs.[4] Also, the Court has already construed the claim terms of the patents-in-suit in a *Markman* order. *Id.* at Dkt. 495 (May 31, 2016). Defendants do not to explain why they could not use the Court's construction of claim terms for their invalidity contentions.

### G. Optum's Specific Request Continues to be Premature

Optum's specific request should not be before this Court and is a violation of Local Rule 7(h). Optum admits the relief it seeks was only requested the day before filing its emergency brief. Optum also does not deny that it only provided the documentation supporting the alleged relevance of its position ***less than an hour*** before filing its motion. This left no time for Uniloc's counsel to read the 100+ page document, much less consider it or consult with Uniloc on the matter. Optum's assertion that a "good faith" impasse occurred on its specific issue with literally no time to consider the newly produced document *strains* credulity.

Again, Uniloc expects it will continue to work with Optum to address this issue in a manner that will not involve Court intervention. The Court need not address this premature issue.

### III. CONCLUSION

For the reasons provided above, Defendants' motion should be denied.

---

[3] In agreeing with ExitExchange, Judge Gilstrap cited Judge Ward's prior order in the same case:

> documents such as claim charts may contain information that is confidential technical or business information that is not generally known, that would not normally be revealed to third parties, and for which its disclosure would be detrimental to the party's business. … [a]s Plaintiff points out, the information Plaintiff includes in its claim charts could be used by its competitors to Plaintiff's business detriment.

*ExitExchange,* Dkt. No. 330 at *2 (May 31, 2011)(citing Docket No. 223).
[4] *Uniloc USA, Inc. et al v. E-MDs, Inc.*, Case No. 6:14-cv-625 (E.D. Tex.)

Dated: December 21, 2016

Respectfully submitted,

By: /s/ James L. Etheridge
James L. Etheridge
Texas Bar No. 24059147
Ryan S. Loveless
Texas Bar No. 24036997
Brett A. Mangrum
Texas Bar No. 24065671
Travis L. Richins
 Texas Bar No. 24061296
Etheridge Law Group, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, TX  76092
Tel.:  (817) 470-7249
Fax:  (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com
Brett@EtheridgeLaw.com
Travis@EtheridgeLaw.com

**ATTORNEYS FOR PLAINTIFFS UNILOC USA, INC. AND UNILOC LUXEMBOURG SA**

### CERTIFICATE OF SERVICE

I hereby certify that all counsel of record, who are deemed to have consented to electronic service are being served this December 21, 2016, with a copy of this document *via* the Court's CM/ECF system per Local Rule CV-5(a)(3) and via email.

/s/ James L. Etheridge
James L. Etheridge