IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNILOC USA, INC., UNILOC LUXEMBOURG S.A., <br><br> Plaintiffs, <br><br> v. <br><br> MEDICAL INFORMATION TECHNOLOGY, INC. D/B/A MEDITECH, <br><br> Defendant. | § § § § § § § § § § § § § § § | CIVIL ACTION NO. 6:16-CV-00463-RWS (LEAD) |

## ORDER

Before the Court is Defendant OptumInsight, Inc.'s (hereinafter, "Optum") Emergency Motion to Compel Dedesignation (Docket No. 85), which has been joined by Defendants Medical Information Technology, Inc., Amazing Charts, LLC and Practice Fusion, Inc., Docket Nos. 91, 95 and 100 (collectively, with Optum, "Defendants") in this action and which is opposed by Plaintiffs Uniloc USA, Inc. and Uniloc Luxembourg S.A. (collectively, "Uniloc"). The Court heard arguments in respect of this Motion on January 24, 2017. *See* Docket No. 129.

Uniloc served its respective infringement contentions on each Defendant and designated those contentions "CONFIDENTIAL" under the Protective Order in this case on the grounds that the contentions contain Uniloc's confidential information. Uniloc asserts, and Defendants do not dispute, that the "CONFIDENTIAL" designation prevents any one Defendant from disclosing the infringement contentions with respect to that Defendant to any other Defendant or its counsel.

Defendants argue that the "CONFIDENTIAL" designation is both inappropriate and prejudicial. Defendants argue that the designation is inappropriate because the contentions do not contain any of Uniloc's confidential information but rather contain only "legal arguments based

solely upon publicly available . . . information." Docket No. 85 at 4. Defendants further assert that they are prejudiced by the designation because it (1) hampers their ability to coordinate in identifying terms to be construed and in taking claim construction positions and (2) masks any "inconsistent positions Uniloc may be taking as to different Defendants." *Id.* at 6. Finally, Defendants argue that the relationship between Optum and Picis, Inc., including pre-suit corporate transactions such that Optum's and Picis's accused products overlap, heightens the prejudice with respect to these Defendants. *Id.* at 7–8.

In opposition, Uniloc argues that the "CONFIDENTIAL" designation is appropriate, that Defendants are not prejudiced by the designation and that compelling dedesignation would result in harm to Uniloc. Uniloc asserts that the "CONFIDENTIAL" designation is proper because infringement contentions may be confidential even if they are comprised of only publicly available information. Docket No. 107 at 1 (citing *ExitExchange Corp. v. Casale Media Inc.*, Case No. 2:10-cv-297, Docket No. 229 at *6 (E.D. Tex. May 21, 2011)). Uniloc further argues that the Defendants are not prejudiced by the designation because the infringement contentions as to any one Defendant are irrelevant with respect to any other. *Id.* at 5–6 (quoting *ExitExchange*, Docket No. 229 at *10; *Tivo v. Verizon Communs., Inc.*, Case No. 2:09-cv-257, Docket No. 208 at *4–5 (E.D. Tex. Aug. 1, 2011)). Finally, Uniloc argues that dedesignation would be harmful to Uniloc because it would permit public disclosure of its infringement contentions, which might reveal its allegedly confidential strategies for collecting information concerning alleged infringement. *Id.* at 10 (citing *ExitExchange*, Docket No. 229 at *5).

In *ExitExchange*, the Court denied the defendants' Motion to Remove Confidential Designation of Claim Charts under Local Patent Rule 3–1. *ExitExchange*, Docket No. 330 at *1. Uniloc is correct that the Court in *ExitExchange* held that infringement contentions may contain

or represent a plaintiff's confidential information. *Id.* at *2. However, it is unclear whether the contentions in that case were limited to publicly available information. Moreover, although the *ExitExchange* defendants also sought dedesignation, the issue was whether outside counsel could disclose the contents of infringement contentions to employees of their clients and their clients' suppliers, not whether counsel could disclose the infringement contentions to outside counsel for co-defendants or consolidated defendants. *See ExitExchange*, Docket No. 206 (SEALED) at 3–5. Further, the *ExitExchange* Court, in addressing prejudice to defendants, wrote that "[if] the limited classification of persons who may review the documents underlying Plaintiff's Infringement Contentions proves problematic from [Defendants'] perspective, then Defendants may move the Court to consider additional persons who may review such documents." In sum, *ExitExchange* explains that while, under some circumstances, infringement contentions may represent a plaintiff's confidential information, limited access to that information should be provided so as not to unduly burden the defendant's ability to defend the case.

Defendants in this consolidated litigation have a legitimate interest in coordinating their claim construction positions and in discovering any inconsistencies in Uniloc's allegations. Although Uniloc has stated that public disclosure of its infringement contentions might be harmful, Uniloc has not identified any specific harm that would result from the disclosure of its infringement contentions to outside counsel for the consolidated Defendants. Accordingly, it is hereby

**ORDERED** that Uniloc shall permit the Defendants to disclose the respective infringement contentions served upon them with outside counsel for the other consolidated Defendants; and

**ORDERED** that the Motion (Docket No. 85) is otherwise **DENIED**.
**SIGNED this 26th day of January, 2017.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE